UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:02-CR-00165-WTL-DKL |
| ) | |
| ANDREW WHITE, ) | |
| ) | |
| Defendant. ) | |

**AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the October 9, 2012 Order entered by the Honorable William T. Lawrence designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on October 4, 2012. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U. S.C. § § 3401(i) and 3583(e). Proceedings were held on November 5, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 5, 2012, Andrew White ("White") appeared in person with appointed counsel, Gwendolyn M. Beitz. The government appeared by MaryAnn T. Mindrum and Cynthia J. Ridgeway, Assistant United States Attorneys. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Mr. White was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petitions for Revocation of Supervised Release were provided to Mr. White and his counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Mr. White was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. White was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. White was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. White was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. White had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Ms. Beitz stated that Mr. White would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr.

White executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. White, through counsel, stipulated that he committed Violation 4, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 4, 2012 as follows:

<u>Violation Number Nature of Noncompliance</u>

| | |
|---|---|
| **4** | **"The defendant shall submit a truthful and complete written report within the first five days of each month."** |
| | On September 10, 2012, the offender submitted a monthly supervision report falsely stating his primary residence was 3008 Metz Court, Indianapolis, Indiana. |

9. The Court placed Mr. White under oath and directly inquired of Mr. White whether he admitted the violation of the specifications of his supervised release set forth above. Mr. White stated that he admitted the above violation as set forth above. The government moved to dismiss specifications numbered 1, 2, and 3 contained in the Petition, and the Court dismissed the same.

10. Counsel for the parties further stipulated to the following:

   a. Violation 4 is alleged as a Grade C violation, pursuant to U.S.S.G. § 7B1.1(a)(3).

   b. Mr. White has suffered criminal convictions that yield a criminal history category of V.

   c. The term of imprisonment applicable upon revocation of Mr. White's supervised release, therefore, is 7-13 months' imprisonment. *See*, U.S. S.G. § 7B1.4(a).

      11. The parties agreed that revocation and a term of imprisonment of twelve (12) months and one (1) day, to be followed by eighteen (18) months of supervised release with the standard conditions and a special condition of no more than one hundred and twenty (120) days to take place at the Volunteers of America.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Andrew White, violated the above-delineated condition in the Petition.

Mr. White's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day, to be followed by eighteen (18) months of supervised release with the standard conditions and a special condition of no more than one hundred and eighty (180) days to take place at the Volunteers of America.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The parties waived the right to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. White's supervised release and imposing a sentence of

imprisonment of twelve (12) months and one (1) day in the custody of the Attorney General or his designee. Further, upon Mr. White's release from confinement, he will be subject to a term of supervised release of eighteen (18) months as set forth above.

**IT IS SO RECOMMENDED** this   01/02/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

MaryAnn T. Mindrum
Assistant United States Attorney
maryann.mindrum@usdoj.gov

Gwendolyn M. Beitz
Indiana Community Federal Defender
gwendolyn_beitz@fd.org

U. S. Parole and Probation

U. S. Marshal